```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
LAWRENCE WILLIAM RUPP,

                              Plaintiff,

         -against-                                                        ORDER
                                                                          17-CV-05269(JMA)(ARL)
TOWN OF BROOKHAVEN, ANNETTE EADERESTO,
Town of Brookhaven Attorney; JOHN MEEHAN, Town of
Brookhaven Public Safety Commissioner; FRANK RIGNOLA,
Town of Brookhaven Investigator; CION SOLUTIONS, INC.,
DAVID CION, JANE and JOHN DOES 1-5,

                              Defendants.
----------------------------------------------------------------------X
```

FILED
CLERK
3/6/2019 2:05 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, District Judge:**

By Order dated December 14, 2017 (the "Order"), the Court granted the application of *pro se* plaintiff Lawrence William Rupp ("plaintiff") to proceed *in forma pauperis* and *sua sponte* dismissed his complaint for failure to allege a plausible claim against any defendant. Plaintiff was granted leave to file an amended complaint within thirty (30) days from the date of the Order. On January 11, 2018 plaintiff timely filed an amended complaint. Upon review of the amended complaint, the Court finds that plaintiff still has not alleged any plausible claim. Accordingly, the amended complaint is *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

**I.   The Amended Complaint[1]**

Plaintiff's amended complaint is against the Town of Brookhaven (the "Town"), Annette Eaderesto, Town Attorney ("Eaderesto"), John Meehan, Town Public Safety Commissioner ("Meehan"), Frank Rignola, Town Investigator ("Rignola"), Cion Solutions, Inc., ("Cion"),

---

[1] All material allegations in the amended complaint are presumed to be true for the purpose of this Order, *see*, *e.g.*, *Rogers v. City of Troy, N.Y.*, 148 F. 3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint [or amended complaint] for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint [or amended complaint] as true).

David Cion, and five unidentified individuals named as "Jane Doe" and "John Doe" and purports to allege a deprivation of plaintiff's "civil rights, by acting in concert to [un]equal treatment by government under the fourteenth amendment." (Am. Compl. ¶ 31.) The amended complaint is disjointed and difficult to comprehend.

At best, the Court understands plaintiff to allege that his complaints to the Town about overcrowding at two premises owned and/or operated by Cion and David Cion within the Town were closed by Rignola without conducting "a proper and/or thorough investigation." (*Id*. ¶¶ 12-15, 19.) Although Rignola is alleged to have closed the complaints, plaintiff alleges that "Meehan is ultimately responsible for the investigation, which is ordered by the law department, headed by [] Eaderesto." (*Id*. ¶ 16.). Plaintiff also alleges that, on August 9, 2017, David Cion visited him at his residence and introduced himself as "Dave with the houses." (*Id*. ¶ 22.) According to plaintiff, he considered this visit "threatening since plaintiff had faxed a complaint on [David Cion's] over occupied rental about two weeks prior." (*Id*. ¶ 23.)

As a result of the foregoing, plaintiff claims that the "[d]efendants have caused the plaintiff to fear for his personal and financial safety by way of retaliation for taking legal steps to protect his civil rights." (*Id*. ¶ 28.) For relief, plaintiff seeks "injunctive relief as to the planned and deliberate overcrowding as a business objective [ . . .] and seeks compensatory damages of $300,000.00 and exemplary damages of $600,000.00, jointly and severally." (*Id*. at 4-5.)

## II. DISCUSSION

### A. Standard of Review

Pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination.

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*); *see also Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997).  In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.  *United States v. Akinrosotu*, 637 F.3d 165, 167 (2d Cir. 2011) (*per curiam*) (citation omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

**C.     Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.; see also Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010); *see also Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987) ("Absent some personal involvement by [a defendant] in the allegedly unlawful conduct of his subordinates, he cannot be held liable under section 1983.").

### 1. Claims Against the Meehan and Eaderesto

As noted above, a plausible Section 1983 claim must allege that the defendant was personally involved in the alleged constitutional deprivation. *Raspardo v. Carlone*, 770 F.3d

97, 115, 116 (2d Cir. 2014) ("If a defendant has not personally violated a plaintiff's constitutional rights, the plaintiff cannot succeed on a § 1983 action against th[at] defendant."); *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quotations and citation omitted)). "Personal involvement" may be established by evidence of direct participation in the challenged conduct, *i.e.*, that the supervisory official "commit[ted] the acts personally" or "authorize[d], order[ed], or help[ed] others to do the unlawful acts," *Terebesi v. Torreso*, 764 F.3d 217, 234 (2d Cir. 2014), *cert. denied*, 2015 WL 1757185 (Apr. 20, 2015), or by evidence of the supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003); *see also Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). "In addition to satisfying one of th[o]se requirements, a plaintiff must also establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation." *Raspardo*, 770 F.3d at 116. "The fact that [a defendant] was in a high position of authority is an insufficient basis for the imposition of personal liability." *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989); *see also Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004).

Here, although plaintiff names Meehan and Eaderesto in the caption of the amended complaint, the only other mention of these individuals in the body of the amended complaint is that Meehan, as head of the Town Public Safety Commission, is ultimately responsible for the

5

subject investigation and that the Law Department, headed by Eaderesto is responsible for ordering such investigations. Thus, it is apparent that plaintiff seeks to impose liability on these individuals solely based upon the positions they hold. Given the total absence of factual allegations suggesting that neither Meehand nor Eaderesto were involved in violating the plaintiff's constitutional rights, plaintiff's Section 1983 claims against them are implausible and are thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Claims Against the Town

A municipality, such as the Town, can only be held liable under Section 1983 "if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a respondeat superior basis for the tort of its employee." *Id.*; *see also Connick v. Thompson*, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); *Los Angeles County, California v. Humphries*, 562 U.S. 29, 131 S. Ct. 447, 452, 178 L. Ed. 2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., solely because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

To prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008); *see also Connick*, 563 U.S. at 60-61, 131 S. Ct. at 1359 ("Plaintiffs who seek to impose liability on local

6

governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting *Monell*, 436 U.S. at 691, 98 S. Ct. 2018)).

"A municipal policy may be pronounced or tacit and reflected in either action or inaction." *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). A municipal policy or custom can be established through proof of a formal policy endorsed by the municipality, actions taken by policymaking officials with decision-making authority, or "practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61, 131 S. Ct. at 1359; *see also Patterson*, 375 F.3d at 226. In addition, municipal liability may be established by showing that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." *Cash*, 654 F.3d at 334; *see also Jones*, 691 F.3d at 81 (plaintiff may "prevail against a municipality by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them."). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action[,]" *Connick*, 563 U.S. at 61, 131 S. Ct. at 1360 (quotations and citation omitted), and "requires a showing that the official made a conscious choice, and was not merely negligent." *Jones*, 691 F.3d at 81; *see also Cash*, 654 F.3d at 334.

Here, the amended complaint is devoid of any factual allegations from which it may reasonably be inferred that a municipal policy or custom caused the conduct of which plaintiff complains. Plaintiff has not alleged, *inter alia*: (1) the existence of a formal policy which is officially endorsed by the Town; (2) actions taken or decisions made by Town policymaking officials which caused the alleged violation of his civil rights; (3) a Town practice so persistent and widespread as to practically have the force of law; or (4) a failure by Town policymakers to

7

properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with their employees. Thus, the amended complaint also fails to state a plausible Section 1983 claim against the Town.

### 3. Claims Against Rignola, Cion and David Cion

Plaintiff's remaining Section 1983 claims are not plausible. Plaintiff alleges only that Rignola closed two complaints made by plaintiff without conducting a proper investigation. Although plaintiff styles his claims as for denial of equal protection, as is readily apparent, plaintiff has no constitutional right to compel an investigation by the Town. Nor does plaintiff allege plausible claims against Cion or David Cion. Neither of these private defendants are state actors and, to the extent plaintiff alleges in conclusory fashion that the defendants have "acted in concert", there are simply no facts in support of such claim. In the absence of a deprivation of some constitutional right, plaintiff's section 1983 claims fail as a matter of law, and must be dismissed. Accordingly, plaintiff's Section 1983 claims against Rignola, Cion, and David Cion are *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### 4. State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c); (c)(3); *see Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d. Cir. 2011). The Supreme Court explained: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction

8

doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a viably pled federal law claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in plaintiff's complaint and dismisses any such claims without prejudice.

**IV. Conclusion**

For the reasons set forth above, the Section 1983 claims alleged in the amended complaint are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in plaintiff's complaint and dismisses any such claims without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close this case and mail a copy of this Order to plaintiff.

**SO ORDERED.**                                              __/s/ (JMA)_____
                                                             Joan M. Azrack
Dated:   March 6, 2019                                       United States District Judge
         Central Islip, New York